CHAS. H. ADAMS ET AL. *v.* T. D. CONNER.

**Descent and Distribution—Action Against Heirs and Devisees—Evidence.**
In actions against heirs, devisees, or fraudulent grantees, the debt against the devisor or grantor must be established by original evidence against the party holding the property, independent of any proceeding against the personal representative of the debtor.

APPEAL FROM McCRACKEN COURT OF COMMON PLEAS.

September 20, 1873.

OPINION BY JUDGE LINDSAY:

This action can not be maintained, because it is based upon two judgments in personam against the personal representative

of Edwin Adams, deceased, and not on the original cause or causes of action, existing (if at all) against him at the time of his death.

It is true that the petition states that the judgments against the personal representative were rendered for funds in the decedent's hands as receiver in the case of Conner v. Conner et al.; but the amount of the funds so held, the orders under which he held them, and the party or parties to whom it was his duty to pay them, are matters left to be deduced alone from the facts re- cited concerning the judgments against his administration.

Unless these judgments are accepted as sufficient evidence up- on which to determine the liability of Adams' heirs at law, then it is plain, the petition does not set out facts constituting a cause of action against them. The doctrine upon this point seems to be that in actions against heirs, devisees, or even fraudulent grantees, the debt against the ancestor, devisor or grantor must be established by original evidence against the party holding the property, independent of any proceeding against the personal representative of the debtor.

In this case the existence of the original debt is not sufficiently alleged; and the proof of the existence of any such original debt, consists alone of the record of the proceedings resulting in the judgments against the administrator. Judgment reversed, and cause remanded for proper proceedings. Appellee should be al- lowed to amend his petition should he desire to do so. In the present state of the case it is not necessary to notice the question of limitation.

*Marshall & Bloomfield, for appellants.*

*R. K. Williams, for appellee.*